UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID J. DASTA, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | Case No.: 2:14-cv-261-GMN-PAL <br><br> **ORDER** |

Pending before the Court is a Motion to Remand filed by Plaintiff David J. Dasta. (ECF No. 7.) Defendant State Farm Mutual Automobile Insurance Company filed a response in opposition, (ECF No. 11), and Plaintiff filed a reply, (ECF No. 13.) For the reasons that follow, the Court will grant the instant motion.

**I.    BACKGROUND**

This action centers upon Plaintiff's allegations that Defendant, his insurer, breached the underinsured motorist provision of his policy by refusing to tender the policy limit following an auto accident that occurred on March 21, 2013. (Compl. 9:2-10:3, ECF No. 1.) Plaintiff alleges that he sustained an injury to his head during the accident which required hospitalization, and Defendant failed to compensate him for the injury as required by the policy. (*Id*.) This case was originally filed in Clark County

District Court on January 17, 2014. (*Id.* at 7.)  On February 19, 2014, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. Section 1332. (Pet. for Rem. 2:5-9, ECF No. 1.)

Plaintiff's Complaint sets forth three causes of action seeking to recover (1) an unspecified amount in compensatory damages, (2) consequential damages in excess of $10,000, and (3) punitive damages in excess of $10,000. (Compl. 14:1-12, ECF No. 1.) Plaintiff now requests that this case be remanded back to Clark County District Court.

## II.  LEGAL STANDARD

 "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.  ANALYSIS

The principal issue here is whether diversity jurisdiction exists.  This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a).  As discussed *infra*, Defendant fails to establish that the amount in controversy exceeds $75,000, and therefore the Court will grant Plaintiff's motion.

In its response, Defendant asserts that because Plaintiff has (a) demanded punitive damages and (b) asserted a claim under Nevada's Unfair Claims Settlement Practices

Act, this case satisfies the amount in controversy requirement. (Resp. to Mot., ECF No. 11.)  The Court will address both of these arguments in turn.

   *a.  Punitive Damages*

   Defendant asserts that the punitive damages sought by Plaintiff "could well exceed the jurisdictional limit" by themselves. (*Id.* at 3:21-23).  In support of this contention, Defendant lists four cases in which punitive damages awards exceeded $75,000. *See Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *Bankers Life & Cas. Co. v. Crenshaw*, 486 U.S. 71 (1988); *Gourley v. State Farm Mut. Auto. Ins. Co.*, 265 Cal. Rptr. 634, 638-39 (Cal. Ct. App. 1990), *rev'd on other grounds*, 822 P.2d 374 (Cal. 1991); *Pierre-Louis v. Colonial Ins. Co.*, No. 87-4190, 1989 FL Jury Verdicts Rptr. LEXIS 2862, at *1 (Fla. Cir. Ct. Mar. 1989), *modified*, 566 So. 2d 320 (Fla. Dist. Ct. App. 1990) (upholding the trial court's subsequent reduction of the punitive damage award).

   While Defendant is correct that the Court can, in some instances, consider a potential award of punitive damages within the amount in controversy, "it is not enough to tell the Court that Plaintiffs seek punitive damages, Defendant must come forward with evidence showing the likely award if Plaintiffs were to succeed in obtaining punitive damages." *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003); *see also, e.g.*, *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004).  Furthermore, the Court cannot consider awards issued in other actions unless Defendant points to specific commonalities which raise an inference that a similar award is possible in the instant case. *See, e.g.*, *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).

   Defendant's list of other cases with large punitive damage awards is insufficient to demonstrate that the amount in controversy exceeds $75,000.  Defendant makes no attempt to illuminate factual similarities which raise an inference that a jury might award

a similar amount of punitive damages in this case.  Indeed, any relevant similarities between the cases in Defendant's list and the present action are unclear.  Because Defendant has failed to carry this burden, the Court will not consider the awards in these other actions when determining the present amount in controversy.

    *b.  Plaintiff's Cause of Action Under the Unfair Claims Settlement Practices Act*

Defendant argues that because Plaintiff asserts a cause of action under Nevada's Unfair Claims Settlement Practices Act ("UCSPA"), the amount in controversy requirement is satisfied.  Defendant observes that *Tracey v. American Family Mutual Insurance Company*, which also involved UCSPA claim, "resulted in damages awarded by a jury in the amount of $150,000, *strictly for violations of the statute* – no common law bad faith was found, and no punitive damages were awarded." (Resp. to Mot. 4:19-21, ECF No. 11) (citing *Tracey v. American Family Mut. Ins. Co.*, 2:09-CV-01257-RCJ-PAL, 2009 WL 3754209 (D. Nev. Nov. 5, 2009)).  Therefore, Defendant argues, because Plaintiff alleges violations of the same statutory provisions that were at issue in *Tracey*, the amount in controversy must exceed $75,000 in this case.

This argument suffers from the same shortcomings as Defendant's contention regarding punitive damages.  Though Defendant has successfully provided one example of a case involving the same cause of action which resulted in an award greater than $75,000, it has not identified similarities from which the Court could infer that the present case might have a similar result.  It would be quite a fallacy to rule, based only on the award in *Tracey*, that the jurisdictional threshold is satisfied while overlooking the glaring factual differences between the two cases.  For instance, in *Tracey*, the plaintiff held an underinsured motorist policy with a coverage limit of $50,000 per person and $100,000 per accident.  *Tracey*, 2009 WL 3754209, at *1.  At $25,000 and $50,000 respectively, Plaintiff's policy limits are exactly half as large in this case. (*See* Compl.

9:21-23, ECF No. 1.)  Furthermore, with no comparison between the injuries or the conduct of the insurers in each case, Defendant has provided no basis for the Court to conclude that an award for Plaintiff's UCSPA claim could be comparable to the award in *Tracey*.

Accordingly, because it is not facially evident from the Complaint that the value of Plaintiff's claims exceeds $75,000, and because Defendant has failed to satisfy its burden of demonstrating that the amount in controversy requirement is satisfied, the Court lacks subject matter jurisdiction over this case.[1]

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 7) is GRANTED.  The clerk is instructed to close the case.

**DATED** this __27__ day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] Because Defendant has failed to carry its burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiff and Defendant.